UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 OCT 18 ⊃ 3: 13

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| W. MICHAEL CAHILL, ) | Civil Action No. 04-11986-MEL |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| VERIZON/SYSTEM COUNCIL T6/ ) | |
| LOCAL 2222 IBEW, ) | |
| ) | |
| Defendants ) | |

**ANSWER OF DEFENDANTS**
**SYSTEM COUNCIL T-6 AND LOCAL 2222, IBEW**

Defendants System Council T-6 and Local 2222, IBEW (hereinafter "Defendants"),

answer the allegations set forth in the Complaint by W. Michael Cahill, (hereinafter "Plaintiff")

in the above matter as follows:

1.    Defendants admit the allegations set forth in ¶1.

2.    Defendants admit the allegations set forth in ¶2 insofar as it alleges that Local

2222, IBEW has its office in Quincy, Massachusetts.  Defendants further aver that System

Council T-6 is not, nor should it be, a party to this matter in that Defendant, Local 2222 was, at

all times relevant, Plaintiff's collective bargaining representative.  In all other respects, ¶2 is

denied.

3.    Defendants deny the allegations set forth in ¶3 and further aver that this letter

from EEOC does not confer jurisdiction and that any claim against Defendants is time-barred as

a matter of law.

3. (sic) Defendants admit the allegations set forth in ¶3 (sic) insofar as it alleges that Plaintiff was hired as a temporary employee. In all other respects, ¶3 (sic) is denied.

4.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶4.

5.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶5.

6.    Defendants admit the allegations set forth in ¶6 insofar as it alleges that there was no grievance to file in that Plaintiff was hired as a temporary employee and remained so classified. In all other respects, ¶6 is denied.

7.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶7.

8.    Defendants deny the allegations set forth in ¶8. Defendants further aver that Plaintiff, as a temporary employee, should have been laid off prior to any regular employees.

9.    Defendants admit the allegations set forth in ¶9 insofar as it alleges that Verizon did agree to re-hire and make whole all regular employees and that such agreement did not apply to temporary employees, such as Plaintiff.

10.    Defendants admit the allegations set forth in ¶10 insofar as it alleges that Defendants and Verizon did execute a collective bargaining agreement effective August 2003 which did provide for job security for regular employees. In all other respects, ¶10 is denied.

11.    Defendants deny the allegations set forth in ¶11.

12.    Defendants deny the allegations set forth in ¶12.

13.    Insofar as ¶13 sets forth a remedy, no response is required. Insofar as ¶13 alleges that Plaintiff is entitled to any remedy, it is denied.

14.    Insofar as ¶14 sets forth a legal conclusion, no response is necessary.  Insofar as

¶14 seeks to allege that Plaintiff may have a jury trial, it is denied.

Respectfully submitted,

SYSTEM COUNCIL T-6 and LOCAL 2222, IBEW
By Their Attorney


Date:  October 18, 2004

_____
Wendy M. Bittner, BBO# 044100
15 Court Square - Ste. 300
Boston, MA  02108
(617) 624-0200

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document, Answer of Defendants System Council T-6 and Local 2222, IBEW, was served upon the following via first-class mail, postage prepaid, on October 18, 2004:

W. Michael Cahill
12 Whitewood Circle
Amesbury, MA  01913


_____
Wendy M. Bittner

3