UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2004 OCT 21 P 4: 55
U.S. DISTRICT COURT
DISTRICT OF MASS.

W. MICHAEL CAHILL,

Plaintiff,

v.

VERIZON, et al.,

Defendant.

CIVIL ACTION No. 04-CV-11986MEL

## DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT

Pursuant to Fed. R. Civ. P. 12(e), Verizon New England Inc.[1] ("Verizon") hereby moves for a more definite statement of Michael Cahill's ("Plaintiff") undated "Complaint". Verizon seeks a more definite statement because the Plaintiff's Complaint does not set forth the Plaintiff's claims or causes of action, such that Verizon cannot frame a reasonable, informed response.

## FACTS

On or before September 28, 2004, the Plaintiff filed a Complaint in this matter in which he alleges that his status as an employee of Verizon was changed from permanent to temporary, and that as an ultimate result, he was laid off and not rehired. The Plaintiff's allegations regarding the discriminatory transactions or occurrences are vague and ambiguous and give little or no detail of what occurred. In particular, the Plaintiff does not state whether it is Defendant, or Local 2222 IBEW, that controls whether he is a temporary or permanent employee, and what rules govern whether an employee is given

---

[1] Verizon assumes that this lawsuit is being brought against the corporate entity that operates the telephone company in New England, which is Verizon New England Inc.

1

a particular status. The Plaintiff does not clearly allege which status he should have had at any given period in time, or why.

The Plaintiff alleges that "Tommy Moses union steward" refused to file a grievance on his behalf, but does not allege his underlying reason for desiring to file the grievance, nor Mr. Moses' reason for refusing. The Plaintiff alleges that he "left several messages for Edward Fitzpatrick and Myles Calvey," but does not allege the content of those messages or whether they were returned.

The Plaintiff does not allege *any* claims or causes of action. The Plaintiff does not allege a claim under the Family Medical Leave Act or the National Labor Relations Act. The Plaintiff does not allege whether or not his claim(s) arise under, or relate to, the Collective Bargaining Agreement between Verizon and Local 2222 IBEW, or whether he is claiming that Local 2222 IBEW failed to fulfill their duty of fair representation. The Plaintiff does not allege whether he is claiming that he was terminated, or not rehired, wrongfully. Finally, although the Plaintiff alleges that the damages he is seeking do "not include emotional damages, and time spent on this case," he does not allege whether or not he *is* seeking emotional damages or costs.

## ARGUMENT

The Plaintiff's Complaint does not contain the minimum information necessary to put Verizon on notice of the claims against it. The Plaintiff did not identify the transaction or occurrence from which his grievance stems in a manner that allows Verizon to respond. See 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1376 (2d ed. 1990).

Based on the Plaintiff's lack of detail and the incomplete information alleged in the Complaint, Verizon is unable to make an informed responsive pleading and requires a more definite statement. See Raytheon Co. v. Continental Cas. Co., 123 F. Supp. 2d 22, 33 (D. Mass. 2000) (if complaint is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, a more definite statement is needed ().

## CONCLUSION

For the above-stated reasons, Verizon respectfully moves that the Plaintiff be required to provide a more definite statement of his Complaint by identifying his claims, and more complete information about the facts from which his claims arise.

VERIZON NEW ENGLAND INC.

By their attorneys,

*/s/ Matthew L. Adams*

Arthur G. Telegen, BBO #494140
Matthew L. Adams, BBO #655790
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
(617) 832-1000

Dated: October 21, 2004

### Certificate of Service

I, Matthew L. Adams, counsel for Verizon, do hereby certify that on this 21st day of October, 2004, I delivered by first-class mail, postage pre-paid, a copy of the above document to W. Michael Cahill, Pro-Se Plaintiff, 12 Whitewood Circle, Amesbury, Massachusetts 01913.

*/s/ Matthew L. Adams*

Matthew L. Adams