UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

CIVIL ACTION No. 04-CV-11986MEL

U.S. DISTRICT COURT
DISTRICT OF MASS.

W. Michael Cahill, Pro-Se
    Plaintiff,
        v.

Verizon (New England), et at.
System Council T6, Local 2222
IBEW
    Defendant

Amended Complaint

1. The Plaintiff a resident of Amesbury, Essex County, Massachusetts and a Citizen of United States.

2. The Defendant Verizon Communication Inc located in Boston, Massachusetts and System T6 Council Local 2222 IBEW is located in Quincy, Massachusetts.

### Jurisdiction

3. Verizon Communications Inc was ordered on July 12, 2003 by a federal arbitrator to rehire all laid off regular employees in New York, Pennsylvania, Massachusetts and New Jersey. The ruling was determined because the company had violated the terms of its negotiated labor agreement when it laid off employees to cut costs. The Plaintiff was not called back to work unlike the other regular employees that were reinstated and made whole. As a result the Defendant "Verizon" did not follow the orders of the federal arbitrator resulting in the Plaintiff being wrongfully terminated by the Defendant "Verizon." The Plaintiff, along with all other regular employees, was laid off on December 27, 2002 after both defendants followed the agreed upon "force adjustment plan". When the Defendant, "IBEW" brought the company Verizon to arbitrations the Defendant "IBEW" failed to represent the plaintiff. A violation of the National Labor Relations Act. The defendant "Verizon" corporate headquarters are located in New York, and the Defendant "IBEW" corporate headquarters are located in Washington. Prior to filing this case both corporate headquarters were contacted in an effort to try and make the Plaintiff whole.

## FACTS

4.  Plaintiff was transferred to Malden, Massachusetts location based on the needs of the business. While in Malden Plaintiff had a meeting with his managers Dan Bradley and Thomasine Williams, and they told him that he had been made permanent and showed him his status in Verizons BA People screen, representing the Plaintiff was Bryan Humphreys (Union Representation in Malden.) After the plaintiff was made full time regular there was a large group of Central Office techs made full time regular as well for example, Greg Hamilton (CO Tech). These techs are currently full time regular employed at Verizon.

5.  April 30, 2001 several techs were hired off the street into the same local IBEW 2222, and same position. These techs were hired full time regular. A position that the Plaintiff could have pursued if he was not already full time regular.

6.  The second quarter of 2001 the company declared its first surplus. Plaintiff's wife Lisa Cahill who is a manager for Verizon called Christine Lonero Manager of Labor Relations to verify the Plaintiffs status. Christine confirmed that the Plaintiff was in fact a full time regular associate. When the surplus was declared managers were informed that all temporary employees and contractors needed to be job completed.

7.  Based on the needs of the business the company transferred the Plaintiff back to 125 High Street, Boston. Where through every day interaction he met Chris Gould a temporary tech that was transferred from the EI department because he was disabled. When Chris found out that the Plaintiff was a full time regular employee and he was not, and his net credited service date was prior to the plaintiffs he was upset. Ken Caruso union steward and Bryan Phillips were present, and many other CO Techs. They all witnessed that the plaintiff was a "Full Time Regular Employee" and encouraged Chris to file a grievance that he did with both Ken Caruso and Lynne Meaney, this was encouraged by the Plaintiff because in

Past Practices by the union and the company they would make the person who was temporary with a longer net credited service date full time regular too.

- Article G33 –Definitions
- G33.04 Temporary Employees –A temporary employee is one whose term of employment is intended to last more than three weeks but ordinarily NOT more than one year, or definite period of time which may be more than one year.

8. February 25, 2002 the Plaintiff was out on approved FMLA, and after exhausting all of his vacation time he took unpaid FMLA leave time for the birth of his son. While out his manager Ellen called to see how things were going and mentioned that his status had been changed but not to worry it would be corrected. On April 1, 2002 the Plaintiff returned to work, and went into Verizon BA People screen and verified that his status had been changed to Temporary with a March date. The ECR turnaround report a payroll report utilized by Verizon that is generated for all associates will indicate this change. This report is automatically generated every time an associate has a status change or a step- raise. This report will indicate that the Plaintiffs status was in fact changed, because in October of 2000 the report will have a T for a Temporary employee and then in October of 2001 it will contain an R as a Regular Full Time Employee. This report would be automatically generated in October of 2001, as the Plaintiff would have received his second step raise. Immediately the Plaintiff went to Thomasine Williams's previous manager in Malden and asked her about it and she said not too worry that she had a print out and she would get it corrected. Then he went to Ken Caruso several times, who got Tommy Moses involved and they both agreed that a grievance should be written up, and that they needed to talk with Edward Fitzpatrick to find out how, after months went by and they continued to say they would get back to the plaintiff. Ken Caruso and Tommy Moses finally said that Edward Fitzpatrick refused to take the grievance. When the Plaintiffs classification was fraudulently changed back to temporary he had been a Full Time Regular associate for more then a year. From April 2002 through

December of 2002 the Plaintiff left several unreturned messages for both Myles Calvey and Edward Fitzpatrick to find out why they were refusing to accept the grievance and represent him.

9. In August of 2002 the company again announced an additional surplus, and enforced that all temporary associates and contractors were to be job completed, per the union contract.

10. On October 18, 2002 after receiving no help from both the union and the company. The Plaintiff sent an email to Verizon HR Department. This email states that the Plaintiff's status was never changed.

11. In November 2002 the Plaintiff signed and declined the Employee Incentive Plan.
*G23.01 Income Protection Plan – When the Company pursuant to Article G25 (Force Adjustment Plan), notifies the Union in writing that a surplus exists, regular employees in the affected job titles and work elections may elect to leave the service of the Company and receive Income protection payments. *

12. In December 2002 the Plaintiff signed and declined the second Employee Incentive Plan.

13. On December 27, 2002 the Plaintiff was laid off along with 3500 associates, and then did not receive the Incentive package as all other associates did that declined the incentive.

14. In July of 2003, the union won in arbitrations and Verizon was instructed to hire back all full time regular associates.

15. On October 27, 2003 the Plaintiff sent a letter to Ivan Seidenberg requesting assistance to be reinstated. This was referred to Paul McGovern who then verbal notified the Plaintiff that a mistake had been made.

16. In May of 2004 Attorney Kathleen Roberts sent Verizon a letter on behalf of the Plaintiff and Amy Seifer legal counsel for Verizon confirms that after the first surplus was declared the Plaintiffs status was changed from full Time Regular to Temporary. Only authorized personnel have access to this system, and only authorized personnel can make changes.

## ARGUMENT

17. The Defendant "Verizon" does not have a formal process of making an associate Temporary to Full Time Regular. The Plaintiff was made Full Time Regular and was told this by both of his managers in the presence of fellow union member as representation. The Plaintiff was full time regular for over a year, and made life decisions based on his employment status. (I.e. having a second child and purchasing a home.) The Defendant "Verizon" needs to take ownership of fraudulently changing the Plaintiffs status after the surplus was declared. After numerous requests for Defendant to make the plaintiff whole, the plaintiff is now due past and current contract wages (contract expires in 2008), health benefits and all other benefits that he would have received if the company did not change his status from a full time regular employee after the surplus was declared.

18. The defendant needs to take ownership that they refused to represent the plaintiff a member of local 2222 and paid dues until the date he was laid off on December 27, 2002. If the union did not recognize the Plaintiff, as a full time associate then why was it not grieved that he was still on payroll during the steps taken for the work force reduction, and why was the Plaintiff laid off with all regular associates. The Defendant "IBEW" also recognized that the Plaintiff was full time regular when they accepted the grievance from Chris Gould. After numerous requests for the plaintiff to be made whole, the plaintiff is now due past and current contract wages (contract expires in 2008), health benefits and all other benefits that he would have received if the

company did not change his status from a full time regular employee after the surplus was declared.

## CONCLUSION

19. For the above-stated reasons, the Plaintiff respectfully requests that the Defendant responds to this additional information that has been provided.

20. Jury Trial is demanded.

I am seeking the amount of $310,000.00 in both pay and benefits. This does not include emotional damages, and the time spent on this case.

W. Michael Cahill

*[signature]*

W. Michael Cahill, Pro-Se
12 Whitewood Circle
Amesbury, MA 01913
(978) 388-4405

Dated: November 9, 2004

### Certificate of Service

I, W. Michael Cahill, Pro-Se, do hereby certify that on this 9th day of November, 2004 I delivered by first-class mail, postage pre-paid, a copy of the above document to Matthew L. Adams, Foley HOAG LLP, 155 Seaport Boulevard, Boston, MA 02110.

*[signature]*
W. Michael Cahill Pro-Se