UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2004 NOV 30 P 4: 12

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| W. MICHAEL CAHILL,<br><br>        Plaintiff,<br><br>v.<br><br>VERIZON, SYSTEM COUNCIL T6/LOCAL 2222 IBEW,<br><br>        Defendants. | CIVIL ACTION No. 04-11986-MEL |

## DEFENDANT VERIZON'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendant Verizon New England Inc.[1] ("Verizon") submits this memorandum in support of its motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss W. Michael Cahill's Amended Complaint for failure to state a claim. Cahill appears to have brought one cause of action: a "hybrid" claim under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), for the breach of a Collective Bargaining Agreement ("CBA") by Verizon and for Defendant International Brotherhood of Electrical Workers Local 2222's ("the Union") failure to provide him fair representation. Cahill's cause of action is based on allegations that his job status was changed from "permanent" to "temporary" in violation of an alleged "past practice" and that Union representatives failed to grieve this change. See ¶¶ 8 and 13 of Plaintiff's Amended Complaint (filed by Plaintiff on November 9, 2004).

Cahill fails to state a claim because the cause of action is barred by the relevant statute of limitations, because he has failed to identify any breach of the CBA by Verizon, and because he

---

[1] Mr. Cahill's employer was Verizon New England Inc.

FHBOSTON/1136221.1

has failed to allege that the Union's failure to grieve the change in his job status was arbitrary, discriminatory or in bad faith.

## ARGUMENT

### I. PLAINTIFF'S CLAIM IS TIME-BARRED

Cahill's claim must be dismissed because it was not timely filed. It is settled law that hybrid claims under § 301 of the LMRA borrow the six-month statute of limitations from § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b). DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 155 (1983); Maldonado v. Crowley Towing & Transp. Co., 181 F.Supp.2d 35, 37 (D.P.R. 2001). Cahill alleges that his employment with Verizon was terminated on December 27, 2002, that his status was changed from "permanent" to "temporary" at some point between February 25, 2002 and April 1, 2002, and that he pursued the Union to file a grievance on his behalf between April and December of 2002. See ¶ 8 of Plaintiff's Amended Complaint. Whichever of these dates marks the accrual of his claim, Cahill's bringing of the instant lawsuit on September 13, 2004 was well over six months later, and consequently it is time-barred.

### II. PLAINTIFF DOES NOT ALLEGE A BREACH OF THE CBA

To plead a hybrid claim under § 301 of the LMRA, Plaintiff must allege both a breach of the CBA and a breach of the duty of fair representation. Teamsters Local No. 391 v. Terry, 494 U.S. 558, 564 (1990); Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 570-71 (1976); Miller v. United States Postal Serv., 985 F.2d 9, 11 (1st Cir. 1993). Cahill's Amended Complaint discusses at length that his job status was, at one point, permanent, and that it was later changed to temporary. See ¶¶ 4, 6, 7, 8, 11, 12, 13, and 18 of Plaintiff's Amended Complaint. However,

he neither alleges that this change was a breach of the CBA, nor points to any section of the CBA that would have been violated by the change.[2]

While Cahill alleges that Verizon and the Union have a "Past Practice" of changing an employee's status from temporary to permanent if the status of any other employee with a subsequent date of hire was so changed, it is unclear how such a practice describes a breach of the CBA with respect to Cahill. Having failed to allege a breach of the CBA, Cahill's complaint should be dismissed.

### III. PLAINTIFF DOES NOT ALLEGE THAT THE UNION BEHAVED ARBITRARILY, DISCRIMINATORILY, OR IN BAD FAITH

It is settled law that an employee's collective bargaining agent does not violate its duty of fair representation merely by deciding not to press the claims of the employee. Vaca v. Sipes, 386 U.S. 171, 191 (1967); Ayala v. Union de Tronquistas de Puerto Rico, Local 901, 74 F.3d 344, 346 (1st Cir. 1996). Rather, a union violates its duty when its actions are "arbitrary, discriminatory or in bad faith." Vaca, 386 U.S. at 190; Ayala, 74 F.3d at 346. Cahill does not allege that the Union's refusal to file a grievance on his behalf fits any of those descriptions, nor does he allege any facts from which a reasonable juror could conclude that it did. Cahill alleges nothing more than this: he contacted the Union in an effort to grieve the change in his job status, and Union representatives refused his request. See ¶¶ 8, 10 and 18 of Plaintiff's Amended Complaint. Therefore, his claim must be dismissed.

---

[2] Verizon maintains that making such a change in Plaintiff's job status, if proven, would not constitute a breach of the CBA.

## CONCLUSION

For the above reasons, Verizon respectfully requests that the Court dismiss Plaintiff's Amended Complaint.

VERIZON NEW ENGLAND INC.

By its attorneys,

*/s/ Matthew L. Adams*

Arthur G. Telegen, BBO #494140
Matthew L. Adams, BBO #655790
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
(617) 832-1000

Date: November 30, 2004

### Certificate of Service

I, Matthew L. Adams, counsel for Defendant, do hereby certify that on this 30th day of November, 2004, I caused to be sent by mail a copy of the above document to W. Michael Cahill, Pro-Se Plaintiff, 12 Whitewood Circle, Amesbury, Massachusetts 01913, and to Wendy M. Bittner, Esq., counsel for the Union, 15 Court Square, Boston, MA 02108.

*/s/ Matthew L. Adams*

Matthew L. Adams