FILED
CLERK'S OFFICE

2004 NOV 29  P 3: 43

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| W. MICHAEL CAHILL,<br><br>　　　　　Plaintiff<br><br>v.<br><br>VERIZON/SYSTEM COUNCIL T6/<br>LOCAL 2222 IBEW,<br><br>　　　　　Defendants | Civil Action No. 04-11986-MEL |

## ANSWER OF DEFENDANTS
## SYSTEM COUNCIL T-6 AND LOCAL 2222, IBEW

Defendants System Council T-6 (wherein "The System Council") and Local 2222, IBEW (hereinafter "Local 2222") and collectively ("The Defendant"), answer the allegations set forth in the Ammended (sic) Complaint filed by W. Michael Cahill, (hereinafter "Plaintiff") in the above matter as follows:

1. Defendants admit the allegations set forth in ¶1.

2. Defendants admit the allegations set forth in ¶2 insofar as it alleges that Local 2222, IBEW has its office in Quincy, Massachusetts. Defendants further aver that System Council T-6 is not, nor should it be, a party to this matter in that Defendant, Local 2222 was, at all times relevant, Plaintiff's collective bargaining representative. In all other respects, ¶2 is denied.

3. Defendants deny the allegations set forth in ¶3.

4. Defendants deny the allegations set forth in ¶4.

5. Defendants deny the allegations set forth in ¶5.

6. Defendants admit the allegations set forth in ¶6 insofar as they allege that Verizon declared a surplus. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations relative to Verizon's managers. In all other respects, ¶6 is denied.

7. Defendants deny the allegations set forth in ¶7.

8. Insofar as ¶8 alleges Plaintiff's status while on leave from Verizon, Plaintiff's employment status, Plaintiff's examination of Verizon's computer screen and payroll records, or conversations with management personnel, Defendants are without knowledge of information sufficient to form a belief as to the truth of the allegations set forth in ¶8. In so far as ¶8 alleges that there was no grievance to "take," it is admitted. In all other respects, ¶8 is denied.

9. Insofar as ¶9 alleges surpluses at Verizon it is admitted. In all other respects, ¶9 is denied.

10. Insofar as ¶10 alleges that Plaintiff sent an Email to Verizon and/or the content of the Email, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. In all other respects, ¶10 is denied.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶11.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶12.

13. Defendants deny the allegations set forth in ¶13. Defendants further aver that Plaintiff, as a temporary employee, should have been and/or was "job completed" prior to the lay off of any regular employees.

14. Defendants admit the allegations set forth in ¶14 insofar as they allege that Verizon did agree to re-hire regular employees. In all other respects, ¶14 is denied.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶15.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶16.

17. Insofar as the allegations of ¶17 relate to conduct by Verizon, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶17. In all other respects, the allegations of ¶17 are denied.

18. Defendants deny the allegations of ¶18.

19. Insofar as ¶19, requests a response, Defendants are filing this Answer. In all other respects, the allegations of ¶19 are denied.

20. Insofar as ¶20 sets forth a remedy, no response is required. Insofar as ¶20 alleges that Plaintiff is entitled to any remedy, it is denied. In all other respects, ¶20 is denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint and Ammended (sic) Complaint fail to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's Complaint and Ammended (sic) Complaint are time-barred.

### Third Affirmative Defense

Plaintiff's Complaint and Ammended (sic) Complaint fail to allege any independent conduct by, or any cause of action against, Defendant System Council. Accordingly, Defendant System Council is not properly a party to this matter.

### Forth Affirmative Defense

The refusal to pursue a grievance is not a *per se* violation of the duty of fair representation. Plaintiff fails to allege any facts which would support a claim.

### Fifth Affirmative Defense

Defendants are entitled to judgment based upon the pleadings, as a matter of law.

Wherefore, Defendants respectfully request that the Complaint and Ammended (sic) Complaint be dismissed in their entirety and that judgment be enter for Defendants, and that costs be imposed against Defendant.

Respectfully submitted,

SYSTEM COUNCIL T-6 and LOCAL 2222, IBEW
By Their Attorney

Date: November 29, 2004

Wendy M. Bittner, BBO# 044100
15 Court Square - Ste. 300
Boston, MA 02108
(617) 624-0200

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document, Answer of Defendants System Council T-6 and Local 2222, IBEW, was served upon the following via first-class mail, postage prepaid, on November 29, 2004:

W. Michael Cahill
12 Whitewood Circle
Amesbury, MA  01913

Arthur Telegen, Esq.
Council for Verizon
Foley, Hoag, LLP
155 Seaport Blvd.
Boston, MA  02210

Wendy M. Bittner