UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERK'S OFFICE

2004 NOV CIVIL ACTION No. 04-CV-11986MEL

DISTRICT COURT
DISTRICT OF MASS.

W. Michael Cahill, Pro-Se
      Plaintiff,
      v.

Verizon (New England), et at.
System Council T6, Local 2222
IBEW
      Defendant

### Response to Attorney

In response to voicemail left, and endorsement dated November 3, 2004. The Plaintiff does not agree with the Defendant "Verizon" request for the Plaintiff to dismiss the case that was filed on September 13, 2004.

Verizon has failed to respond or send the Plaintiffs personnel file that was requested on November 9, 2004 from Marc Reed, Executive Vice President of Human Resources, and 1095 Ave Of The Americas, New York, NY 10036. Noted in the Request "Pursuant to MGL 149§52(c), I hereby request that a complete copy of my true Personnel file and related records be sent, etc"

### Federal Jurisdiction

Plaintiff is a citizen of the State of Massachusetts and the defendant "Verizon" corporation incorporated under the laws of the State of New York having its principal place of business in a State other than the State of Plaintiff and the matter in controversy exceeds, exclusive of interest and costs, the sum of fifty thousand dollars. The sum that the Plaintiff is seeking is $310,000.00 from both of the Defendants. If the Plaintiffs status were not fraudulently changed then the Plaintiff would be employed with Verizon under a Ratified 5 year contract with a no lay off clause for job security.

The bargaining agreement that the "Plaintiff" was a party too is an agreement of Verizon New England Inc., Telesector Resources Group, Inc., and Verizon Advanced Data Inc, and International Brotherhood of Electrical workers consisting of locals 2222, 2313, 2320, 2321, 2322, 2323, 2324, 2325, 2326, 2327.

### Federal Laws Violated

The Defendant "IBEW" has violated the National Labor Relations Act by failing to represent the Plaintiff.

The Defendant "Verizon" Has violated the Family and Medical Leave Act by changing the Plaintiffs status while he was out on FMLA leave. Payroll Report

"ECR Turnaround Payroll Report" will reflect this change in status during time frame. Without his file exact dates cannot be given.

Both Defendants's violated the provisions of the federal arbitration ruling of July 2003. The ruling stated that the company must make the laid-off workers "whole," which mean they would receive the pay and benefits they lost while out of work. In failure to do so the Plaintiff has been wrongfully terminated.

### Facts

Under the union contract the Defendant "Verizon" utilized there management rights (article G11) and made the Plaintiff full time regular. The Defendants "Verizon" Managers made the Plaintiff full time regular and changed company human resources and payroll documents to reflect. The Defendant does not perform past practices of making associates full time regular to Temporary. In the agreed upon contract between Defendant and IBEW local 2222, any type of change or discipline to an associate the defendant "Verizon" is required to hold a meeting with the person being affected and the union steward. Verizon did not conduct a meeting with the Plaintiff and in fact never even notified the Plaintiff therefore the Plaintiffs status never should have been legally changed. Also the timeframe in which the Plaintiff's employment status was changed coincides with an approved Family and Medical Leave (FMLA). In fact the Plaintiff first became aware of this change while out on a Family care leave for the birth of his newborn son.

In a violation of the National Labor Relations Act after numerous attempts to work with Verizon Management (Thomasine Williams, Dan Bradley, HR Help Line) to get status corrected they failed to provide the necessary information needed to correct or even acknowledge that the status had been changed. In fact the HR help Line stated that the Plaintiffs status was never changed. In December of 2002 the Plaintiff was laid off in a company wide mass layoff. After the July 2003 recall Plaintiff contacted the IBEW local numerous times with no response. After the recall was completed and the Plaintiff was not notified of his inclusion he sent Myles Calvey and Edward Fitzpatrick certified return receipt letters asking again for assistance to be reinstated. The Defendant "IBEW" again violates Section 8 in the National Labor Relations Act. *(Failure to proved fair representation to all members of the bargaining unit.*

### Argument

Based on Federal Arbitrators July 12, 2003 ruling the Plaintiff never should have been laid off, all other laid off full time regular employee are back working under a 5 year no lay off contract. If Verizon did not fraudulently change the Plaintiffs status while he was out on Family and Medically Leave he would be back to work as a full time regular employee, but because his status was changed and not corrected (as previous emails to HR dated October 2002 requested) by the defendant the Plaintiff was not called back to work, based on the Arbitrators ruling resulting in the Plaintiff to be wrongfully terminated.

### Conclusion

The defendant "Verizon" changed the plaintiff's status while out on Family Medical Leave. The Defendant has failed to provide the Plaintiff with his personnel file with in the five days allowed. The defendant never had a meeting with him stating that they were removing him as a regular full time employee and then in letter from HR Help Line in October of 2002 denies changing it. The Plaintiff a full time regular employee should have been recalled back to work in July 2003, as were all other full time regular associates that were laid off based on the Federal Arbitrators ruling in New York. With all other full time regular associates that were laid off with the Plaintiff. (Per Force Adjustment Plan in the Collective bargaining agreement between both Verizon and IBEW) as a result the plaintiff was not able to enjoy the recall right of the wrongful lay off that he was a party too, and now is not employed by the defendant under the terms of a 5 year contract with a job security clause. The plaintiff's status was changed while he was out on FMLA, and dates cannot be given without receiving his personnel file.

W. Michael Cahill

W. Michael Cahill, Pro-Se
12 Whitewood Circle
Amesbury, MA 01913
(978) 388-4405

Dated: November 30, 2004

Certificate of Service
I, W. Michael Cahill, Pro-Se, do hereby certify that on this 30th day of November, 2004 I delivered by first-class mail, postage pre-paid, a copy of the above document to Matthew L. Adams, Foley HOAG LLP, 155 Seaport Boulevard, Boston, MA 02110.

W. Michael Cahill Pro-Se