UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 04-CV-11986MEL

W. Michael Cahill, Pro-Se
        Plaintiff,
    v.

Verizon (New England), et at.
Local 2222 IBEW
Defendant

## PLAINTIFFS' MEMORANDUM OF FACTS IN OPOSITION TO TO MOTION TO DISMISS

Plaintiff submits this memorandum to support its denial of the motion to dismiss, and has addressed the reasons stated and states claims with in the status of legal obligations by the defendants. The Plaintiff also asks the courts permission to amend the complaint dated on November 9.

### FACTS

**Plaintiff's claim is time barred.**

The Plaintiff is pursuing this lawsuit because he was not called back to work in July 2003 based on the federal arbitrators ruling. The Hybrid Claim & 301 Claim that is being pursued begins on August 26, 2004, when the company finally admits to changing the Plaintiffs status. Both defendants were immediately contacted after the recall. Defendant Verizon states status was never changed in all correspondences from 10/2002 until 8/2004. When the union became aware of their admittance of his status change in August of 2004

and the union violated the CBA discriminating to represent the Plaintiff. The company chose to deny changing the Plaintiff status from regular to temporary to both discourage the Plaintiff from pursuing and in an effort to time Barr him as well.

The defendant Verizon violated the CBA in the work force adjustment procedure by laying off the Plaintiff with all regular associates, when in fact if the plaintiff was temporary at the time of the lay off he would have been laid off or job completed months before the regular associates.

The Plaintiff's claim falls under the two-year statute of limitations agreed upon for FMLA violations. Plaintiff contends that the Defendant "Verizon" violated the Family and Medical Leave Act by changing the Defendant's employment status without notice while the Defendant was out on approved FMLA. Federal FMLA guidelines state that if an employee takes a covered FMLA leave, the employer must return the employee to their prior position without any loss of seniority. The Plaintiff status was changed while the Plaintiff was out on FMLA Leave for both illness and for the birth of his son. The Plaintiff contends that because he went back out in June with a back injury both defendants chose to ignore his complaints, and once the defendants became aware of his disability they chose to retaliate against him, by not changing his status back to full time regular. The Plaintiff's disability is approved under ADA guidelines. Prior to the Plaintiff FMLA leave there were multiple instances in which the Plaintiff's employment status came up, that he was a full time regular associate and it was accepted; however only once he was out on FMLA leave was it changed back to temporary. The Plaintiff's status was full time regular for over a year.

Supporting FMLA and Disability documents will also show that the Plaintiff was back on FMLA and Disability in June through October. Both defendants continued to discriminate against him because he was on FMLA and disability, and chose to ignore his complaint. Upon his return in October he went to the defendant the union who refused to accept the grievance (Violation of the National Labor Relations Act), and then he went to the company for help. (See letter and response from Verizon HR 10/2002 who in fact state his status was **never** changed) The Plaintiff goes back out on FMLA and Disability on November 4. 2002 until December 19, 2002 the Plaintiff was out on FMLA and Disability (see official documentation from both Dr's and Aetna) In November of 2002 the Plaintiff went to see the President of the Union, Edward Fitzpatrick, because not only was he out with his back, but had developed an opiate addiction from the pain medicine prescribed. He went to the union for help. Under the Massachusetts Law (Chapter 15) and the Federal Americans with Disabilities Act it is illegal for both employers and labor organizations to discriminate against someone based on his or her disability. People with addictions to drugs that are not illegal substances are covered. See doctor's notes stating that in fact the Plaintiff became addicted to the pain medication prescribed. Mathew Cahill was a witness at this meeting, and the defendant "Union" was well aware of the Plaintiffs condition at this time, and they were well aware that the Plaintiff was addicted to Opiates, and unable to represent himself; therefore the union acted in bad faith and discriminated against him by not representing him.

The Plaintiff was laid off on December 27, 2002 along with all other regular full time employees (See Paul McGovern Letter August 26, 2004 confirming last day worked.) Per the force Adjustment Plan in the CBA this was an indication to the plaintiff that his status

had been corrected. It is not until the July 2003 recall that the plaintiff became aware when he was not recalled and that his status had not been corrected. Therefore the company violated the CBA by laying the Plaintiff off on December 27, 2002.

Plaintiff further contends that even under the six-month statute of limitations the Plaintiff case still has merit. The assumption that the clock should begin on the date in which Plaintiff became aware of his status change is false. The Plaintiff was laid off in December of 2002 along with all other full time regular employees and therefore had no reason to further pursue his employment status. The Plaintiff would have been laid off as either a permanent or temporary employee in December of 2002. Immediately after the arbitration decision and subsequent recall Plaintiff began contacting both Defendants' for his job. It was not until receipt of the Position Statement of Verizon New England Inc. (8/26/2004) that Plaintiff was made fully aware that the employment status change affected his employment. Therefore because the Defendant "Verizon" chose to deny all allegations that they changed the Plaintiffs status they made it difficult to prove that in fact his status was changed.

Then the Plaintiff began using a documented technique asking for help.

a. July 12, 2003 Federal Arbitrator Rule Verizon to recall laid off employees back to work date July 31, 2003.

b. October 27, 2003 sent email to Ivan Seidenberg. (See Attach)

c. November 12, 2003 sent certified letter to Ivan Seidenberg. (See Attach)

d. November 25, 2003 Paul McGovern contacted the Plaintiffs home (Via Phone) to let him know that he was looking into the letter sent to Ivan.

e. December 8, 2003 The Plaintiff phoned Paul McGovern to check status left voice mail.

f. December 16, 2003 The Plaintiff sent Paul McGovern an email copying Ivan Seidenberg. (See Attached)

g. January 2004 Paul McGovern calls back and states that his status was not changed and there was nothing he could do.

h. February 5, 2004 sent certified letter to Myles Calvey and Edward Fitzpatrick. (See Attach)

i. February 24, 2004 after receiving no response from the union sent email see attached response from Myles Calvey.

j. March 18, 2004 Attorney Kathleen Roberts wrote to Myles Calvey on Plaintiffs behalf no response. (See attached)

k. April 27, 2004 Attorney Kathleen Roberts contacts Verizon on the Plaintiffs Behalf.

l. May 5, 2004 Verizon responds that a clerical error was made to pay coding.

m. May 11, 2004 filed a complaint with the EEO against Verizon.

n. July 23, 2004 The EEO complaint was given a charge No 161-2004-00297

o. August 14, 2004 Filed a complaint with the EEO against the Union.

p. August 23, 2004 The Union EEO complaint was given a charge No161-2004-00448

q. August 26, 2004 Verizon responds to EEO complaint and for the first time admits to changing the Plaintiffs status. (See attach)

r. August 27, 2004 The EEO concluded that the complaint was not in the allotted 300-day period and that the Plaintiff had 90days to file in Federal District Court.

s. September 1, 2004 Union was notified by the EEO that a complaint was filed.

The Defendant Verizon never admitted to changing the Plaintiffs status until August 26, 2004, and with the admittance that the Defendants the unions have breached their duties of fair representation, a duty owed to the Plaintiff. This August 26, 2004 piece of evidence is still with in the six-month time frame of the admittance of wrongful termination.

**Violations of the CBA and breach of duty.**

The Defendant's de facto practices on temp to permanent status are consistent with the Plaintiff's original status change. His direct managers were within their management rights (CBA see attachment) and following corporate standards when they made him a permanent employee. Reasonable assumption can also be made based on Defendant's "de facto" practices that even if the Plaintiff was not correctly made permanent by managers that he would have still been within the timeframe before the layoffs. The Defendant was made full time regular when he was in Verizon Facility in Malden and then changed when he was located in Verizon facility in Boston. (CBA statement that temporary employment should last 3 months not ordinarily more then one year) Further it is the Plaintiff's contention that the Defendant "Verizon" changed the employment status because of the "Work Force Adjustment Plan laid out in the CBA.

**Violation of local rule 7.1**

The Defendant the "Union", represented by Wendy M. Bittner, Esq., violated local rule 7.1 and failed to confer with the pro se plaintiff on or before November 29, 2004 and make an attempt to narrow or resolve the issues that are subject to their motion.

**Defendant States "The Defendant Local 2222"**

System T6 Council is not properly a party to this matter, Local 2222 failed to pursue a grievance on the Plaintiffs behalf, because the Plaintiff was out on FMLA, Disability and addicted to opiates, that the Defendants "Union" were well aware of they acted both discriminating and in bad faith, to a dues paying member of their union.

**Conclusion**

Both Defendants recognized the Plaintiffs full time regular status when the laid him off on December 27, 2002 along with all full time regular employees, and because the Defendants were aware of the Plaintiffs FMLA, Disability and Opiate addiction they chose not to call him back a violation of the federal arbitrators ruling.

The Plaintiff has written documented proof that he has been pursuing this violation of the Family Medical Leave Act, National Labor Relations Act and the Americans with Disabilities Act. The company admitted to changing the Plaintiffs status on August 26, 2004 and the complaint was filed in the court on September 13, 2004.

Respectfully Submitted,

W. Michael Cahill

*W. Michael Cahill*

W. Michael Cahill, Pro-Se
12 Whitewood Circle
Amesbury, MA 01913
(978) 388-4405

Dated: December 6, 2004

## Certificate of Service

I, W. Michael Cahill, Pro-Se, do hereby certify that on this 6th day of December, 2004 I delivered by first-class mail, postage pre-paid, a copy of the above document to Matthew L. Adams, Foley HOAG LLP, 155 Seaport Boulevard, Boston, MA 02110, and Wendy M. Bittner, 15 Court Square- Ste 300, Boston, MA 02108.

_W. Michael Cahill_
W. Michael Cahill Pro-Se