UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| W. MICHAEL CAHILL, )<br> )<br> Plaintiff )<br> )<br>v. )<br> )<br>VERIZON/SYSTEM COUNCIL T6/ )<br>LOCAL 2222 IBEW, )<br> )<br> Defendants )<br>_____ ) | Civil Action No. 04-11986-MEL |

### REPLY OF DEFENDANTS LOCAL 2222, IBEW AND SYSTEM COUNCIL T-6 TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

NOW COME Defendant Local 2222, IBEW and Defendant System Council T-6 (collectively herein "Defendants"), and reply to Plaintiff's Opposition to Defendants' Motion to Dismiss as follows:

1. Plaintiff, with his Opposition to Defendants' Motion to Dismiss, submitted correspondence of February 2004 and March 2004. This correspondence is a recitation of the underlying facts and an attempt, by Plaintiff's own admission, to resurrect an issue which was already untimely. "The second reason that I write to you is something that I should have more aggressively pursued along [sic] time ago . . .". (*See* undated letter to Edward Fitzpatrick which Plaintiff alleges was sent or received on February 5, 2004. *See also*, Plaintiff's charge against Defendants, filed with the Massachusetts Commission Against Discrimination on or about

August 14, 2004, which alleges that Defendants' improper conduct occurred in or about March 2002, the alleged change in Plaintiff's status from permanent to temporary).

2. Despite Plaintiff's assertion that his "claim" against Defendants begins on August 26, 2004, Defendants engaged in no conduct in regard to Plaintiff on August 26, 2004, and Plaintiff does not allege any such conduct. In fact, Plaintiff alleges that Defendants were immediately contacted after the recall [of July 2003].

> My life is powerful now and almost complete. I started up a small business, but since the arbitration ruling in July [2003] I feel and I am sure that you will agree that I deserve my job back. ("February 5, 2004" letter to Edward Fitzpatrick).

Defendant Verizon's alleged admission on August 26, 2004 that it had engaged in the conduct Plaintiff had previously claimed, does not make Plaintiff's claim timely.

3. Plaintiff appears to be alleging that the statute of limitations could not run when he was suffering from an "addiction". Such an argument is without legal basis. Further, by Plaintiff's own admission, he was "clean" as of February 14, 2003. Yet, he did not pursue this matter until September 2004, eighteen months later.

4. Thus, by Plaintiff's own submissions, in March 2002, Plaintiff was fully aware that Defendants were not pursuing any grievance on his behalf. Plaintiff's correspondence with Defendant Verizon, Fitzpatrick and Calvey cannot and do not "resurrect" any claim against Defendants.

For these and other reasons, Defendants respectfully request their Motion Dismiss be granted.

Respectfully submitted,

LOCAL 2222, IBEW and SYSTEM COUNCIL T-6
By Their Attorney

Date: December 17, 2004

_____
Wendy M. Bittner, BBO# 044100
15 Court Square - Ste. 300
Boston, MA 02108
(617) 624-0200

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document, Motion to Dismiss of Defendants System Council T-6 and Local 2222, IBEW, was served upon the following via first-class mail, postage prepaid, on December 17, 2004:

W. Michael Cahill
12 Whitewood Circle
Amesbury, MA 01913

Arthur Telegen, Esq.
Counsel for Verizon
Foley Hoag LLP
155 Seaport Blvd
Boston, MA 02210

_____
Wendy M. Bittner