**E N D O R S E M E N T**

W. MICHAEL CAHILL v. VERIZON, SYSTEM COUNCIL T6, LOCAL 2222 IBEW
04-CV-11986-MEL

LASKER, D.J.

    Defendants Verizon, System Council T6 and Local 2222 IBEW move to dismiss the complaint for failure to state a claim upon which relief can be granted. For the following reasons, the motion is GRANTED.

    W. Michael Cahill's ("Cahill") amended complaint alleges that Local 2222 IBEW violated § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), by failing to fulfill its duty of fair representation. As the exclusive collective bargaining representative of its members, a union owes all its members a duty of fair representation. Vaca v. Sipes, 386 U.S. 171, 177 (1967). However, the Supreme Court has set a stringent standard for when that duty is violated: "a breach occurs only when a union's conduct toward a member of the collective bargaining agreement unit is arbitrary, discriminatory, or in bad faith." Id. at 190. Mere negligence cannot support a claim for a breach of the duty of fair representation. United Steelworkers of America AFL-CIO-CLC v. Rawson, 495 U.S. 362, 372-73 (1990). Under this strict standard, Cahill fails to allege facts sufficient to support a violation of § 301 of the LMRA.

    Moreover, Cahill's claims against System Council T6 and Local 2222 IBEW are time-barred by the applicable six month statute of limitations. Del Costello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 155 (1983). In his amended complaint, Cahill acknowledges that he was aware of the defendants' refusal to take his grievance in April 2002. However, this suit was not filed until nearly two and one half years later, and is therefore time-barred by the applicable statute of limitations.

    Cahill's amended complaint further alleges a hybrid claim against Verizon under § 301 of the LMRA, for a breach of a collective bargaining agreement ("CBA"). However, Cahill fails to allege a breach of the CBA, which is necessary to support a hybrid claim under § 301 of the LMRA. Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry, 494 U.S. 558, 564 (1990); Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 570-71 (1976). In addition, this claim is also time-barred by the applicable six month statute of limitations. Del Costello, 462 U.S. at 155.

        Accordingly, the defendants' motion to dismiss is GRANTED.

It is so ordered.

Dated:    January 4, 2005
           Boston, Massachusetts      /s/ Morris E. Lasker
                                               U.S.D.J.