UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 04-CV-11986MEL

W. Michael Cahill, Pro-Se
    Plaintiff,
      v.

Verizon (New England), et at.
Local 2222 IBEW
Defendant

## PLAINTIFFS' REQUESTS THE JUDGE TO RECOSIDER THE GRANTED MOTION TO DISMISS

The Plaintiff asks the judge to reconsider his docket ruling on Janurary 4, 2005. The Plaintiff has been pursuing this act of discrimination on July 31, 2003 since December of 2003 when he hand delivered the EEO Complaint to the Equal Employment Office, and then followed up with a fax to Susan Bosch, and after review Investigator Martha Maness sent letter on May 11, 2004 containing charge and charge number, on May 23, 2004 the charge was notarized and mailed back Martha Maness (Investigator). On June 2, 2004 the Plaintiff spoke with Martha Maness and she could not locate her copy of the charge and asked the Plaintiff to send another copy (See postage receipt dated June 2.) On August 27 the Plaintiff received the right to sue letter and within the 90 days filed this suit.

**Labor Management Relations Act**

In the Plaintiffs complaint it states that local 2222 IBEW violated 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C 185 (a), by failing to fulfill its duty of fair representation in the Federal Arbitrators Ruling. The union and the company laid off the Plaintiff as a full time regular employee and the Plaintiff was included in the July 2003

Federal Arbitrators Ruling, both defendants per the CBA, Payroll documents, Vacation Policy and many other practices acknowledge the Plaintiff was fulltime regular when they laid the plaintiff off with all other regular employee in the unions response dated October 18, 2004 where they admitt that if the the Plaintiff was temporary he would have been laid off prior to 12/27/02 when all full time regular employees were laid off, this is an acknowledgement that the Plaintiff was in fact full time regular.  The Defendant the union confirm that infact the last group of temps that were made permanent were in 2000 (Email from February 24, 2004)  Payroll documents from the Defendant Verizon prove that the Plaintiff was made full time regular in 2000, along with many other asscoiates. All of these other assoicates that were made full time regular in 2000 are back to work, all accept for the Plaintiff. The Defendants never recogninzed the change in the Plaintiffs status from Full time Regular to Temporary, until after the recall in July of 2003.  The first act of discrmination did not occur until the Plaintiff was not called back to work with all of the other 3500 employees.  Payroll reports provided by the defendant prove in fact the Plaintiff was full time regular and that there was no authorized change to change him to a Temporary employee (submitted in previous response).  The only temporary change that should have been done to the Plaintiff was a "Temporary" transfer to Boston as noted on the 1477 on December 28, 2001.   Per Payroll documents he was transferred as a "Full time Regular Employee."   The last act of Discrimination that the defentants have violated the CBA on the Plainitiff was as late as December 2004. The Defendants have violated the pargargraph 19.09 as they have not recalled the Plainitff back to work duirng the two year recall rights and have hired.

**Plaintiffs Claim is Time Barred**

The Plaintiff had no reason to pursue this wrongful termination in December 2002 because the Federal Arbitrators were pursing the wrongful layoff for 3500 employees

that included the Plaintiff. The Federal Arbitrators ruling stated that Verizon needed to rehire all 3500 wrongfully laid off associates because of a violation of the CBA. The Plaintiff was laid off as a fulltime regular employee per the CBA. It was not until the Federal Arbitrators Ruling in July 2003 that the Plaintiff was discriminated against. During the Plaintiffs employment with Verizon he was treated as a full time regular employee. Management made him full time regular and as a result his temporary status was changed to full time regular in all payroll documents and he was given full time regular benefits such as vacation time, and 401K match. After the recall and all associates were recalled back to work with back pay and benefits with a report date of July 31,2003, and the Plaintiff was not recalled the Plaintiff tried to numerous times contact Edward Fitzpatrick and Myles Calvey. When there was no response the Plaintiff contacted the Defendant Verizon on October 27, 2003, November 12, 2003, November 25, 2003, December 8, 2003, December 16, 2003, and then hand delivered a Charge of Discrimination on December 29, 2003 with the EEOC within the 6 month statue of limits of when the Defendants Verizon were forced to recall all wrongfully laid off Verizon Employees, and within the 300 days allowed for being discriminated against. The Plaintiff also contacted the Defendant the Union and in Myles Clavey email dated February 24, 2004 he admits that the last time that there was a group of Temps made permanent was in 2000, and per payroll documents provided by the defendant this is when the Plaintiff was made full time regular (submitted in previous response). All other associates that were made full time regular in 2000 were recalled per the arbitrators ruling in July 2003. When the Plaintiff was not receiving help from either defendants he hand delivered an EEO complaint to the US Equal Employment Opportunity Commission in December of 2003, and had been dealing with Martha Maness see confirmation letter from May 11, 2004. When the Plaintiff was not recalled per the arbitrators ruling this was the first instance where the Plaintiff has been retaliated against for his FMLA history

and his Disability, all other temporary associates that were made full time regular in 2000 with him were called back to work, and this is the first time that the Plaintiff was impacted by this clerical error that was to be correct in April of 2002. Per the CBA all full time regular employees were laid off on December 27, 2002 and this included the Plaintiff. The Defendant made an error when they wrongfully laid off 3500 employees and have corrected that error, and now they need to admit that they made an error in not recalling the Plaintiff. In payroll reports provided by the defendant Verizon there is no report authorizing this change and in the Plaintiffs file there is no documentation notifying the Plaintiff that his status was changed from Full Time Regular to Temporary. In April of 2002 when the Plaintiff returned from his approved care of new born care leave (see documented approval on 1477 2002) the birth of his son management (Thomasine Williams, Ellen) told the Plaintiff that his incorrect status as a temporary employee would be corrected, and when he was laid off per the CBA on December 27, 2002 it appeared that it had been corrected. Per the CBA all Temps and Contractors need to be off payroll thirty days prior to a layoff. The CBA definition of a "Regular Employee G33.04 A regular employee is one who is engaged for the usual activities of the business and whose employment is reasonably expected to continue for longer than one year, ..." Management (G11.01) utilized there rights and made the Plaintiff Full Time Regular in 2000 and the Plaintiffs employment lasted over 2 years, and would be current if the Defendant did not make a "Clerical Error."

**The Defendant was on Approved FMLA Leave**

**FMLA Coverage**

The Definition for an eligibile employee to take a leave under FMLA. An elgibile employee is an employee or a covered employer. The Plaintiff was employed by the Defendat Verizon for more then 12 months and had worked more then 1250 hours,

under the Fair Labor Standards Act (See 1477). The Defendant Verizon worksite employees more then 50 employees within 75 miles of there worksite. The Defendant confimred elegibility and the Plaintiff was approved (See Feb 25, 2002) . The Payroll Documents submitted by Verizon are incorrect, they show the Plaintiff on a vacation time while he was out on approved FMLA (see letter of approval), there is several other mistakes on the 1477 as the Plaintiff was only to be scheduled Monday through Friday, and there appears to be several "whiteout" marks as well. The 1477 provided from Verizon proves that the Plaintiff was out on approved CNC leave. The Plaintiff was in fact coverered by FMLA, and there is no written documentation that Verizon denied the leave, but there is written documentation that the leave was approved. An Employee may take up to 12 workweeks of leave during any 12-month period for one or more of the following reasons:

    The birth of a child, and to care for thenewborn child;) To care for the employee's spouse, son,daughter, or parent with a serious health condition; and
Because a serious health condition makes the employee unable to perform one or more of the essential functions of his or her job.
Being an "eligible" employee under the FMLA leave the Defendant must maintain the employee's existing level of coverage under a group health plan. At the end of FMLA leave, an employer must take an employee back into the same or an equivalent job. Under both ADA and FMLA, the employee is entitled to return to the same job unless the employer demonstrates that holding the job open would impose an undue hardship.

    If the Plaintiff was considered temporary then the Defendants violated the contract section (Article G30) Filling Vacancies. In supporting documents from the Defendant Verizon confirming that in fact on the date of hire of 4/30/01 (i.e. Shon Williams, and several others) when several off the street CO Techs were hired that in fact the Plaintiff was full time regular. If he were not then he would have been able to

pursue one of the full time regular positions per the contract (G30.06). This Discrimination Charge could not be filed prior to the Recall in July of 2003, because since the Plaintiff was laid off as a full time regular employee per the CBA in December 2002, and was laid off as a full time regular employee and he has recall rights of a full time regular employee so when the Plaintiff was not recalled he filed a Discrimination Charge with the EEOC, and then per Rance O'Quinn Manager at the EEO law suit was filed. This act of Discrimination is a violation of the CBA G2.01 "In a desire to restate there respective policies, neither the company nor the union shall unlawfully discriminate against an employee..." Both Defendants have violated the CBA for Discrimination and Recall Rights for the Plaintiff.

The Defendant further recognized that the Plaintiff was Full Time Regular when they granted him Vacation time in 2000. See Eligibility guidelines for a Temporary Employee. A Temporary Employee needs to work 130 days during the current vacation year in order to receive vacation time. The Plaintiff was given 1 week's vacation in 2000; see 1477 provided by the defendant Verizon. (See previous response)

The Defendants further recognized that the Plaintiff was fulltime regular through the Work Force Adjustment Plan (G25). If the Defendants followed the CBA then the Plaintiff would have been work completed on or before November 27, 2002. "If the implementation of the above steps does not eliminate the surplus resulting from an external event and if at least 30 days has elapsed from the notification of a surplus pursuant to this Article, the company shall lay off employees as provided for in the layoff provisions in this Labor Agreement." See the Unions response to original complaint, that if the Plaintiff was Temporary he would have been laid off before all full time regular associates.

The Defendants recognized the Plaintiff as a full time regular employee, and chose not to recall him in July of 2003, because of his disability, and FMLA work history.

Supporting documents that the Defendant Verizon has provided prove that the Plaintiff was in fact full time regular and was laid off with all full time regular employees, and all other Full Time Regular associates that were made Full Time Regular in 2000 are back to work. The Defendants Personnel documents do not contain FMLA leave in February 2002; there are several missing Payroll reports, and inconsistencies in the Plaintiffs file.

**Conclusion**

Both Defendants recognized the Plaintiffs full time regular status when the laid him off on December 27, 2002 along with all full time regular employees, and because the Defendants were aware of the Plaintiffs FMLA, Disability and Opiate addiction they chose not to call him back a violation of the federal arbitrators ruling. The Plaintiff filed Discrimination Charges for both defendants in December 2003 well within the statue of limitations.

The Plaintiff has written documented proof that he has been pursuing this violation of the Family Medical Leave Act, National Labor Relations Act and the Americans with Disabilities Act with both defendants and the EEO. The company admitted to changing the Plaintiffs status on August 26, 2004 and the complaint was filed in the court on September 13, 2004.

                                                          Respectfully Submitted,

                                                          W. Michael Cahill

                                                          *W. Michael Cahill* (signature)

                                                          W. Michael Cahill, Pro-Se
                                                          12 Whitewood Circle
                                                          Amesbury, MA 01913
                                                          (978) 388-4405

Dated: January 11, 2005

**Certificate of Service**

I, W. Michael Cahill, Pro-Se, do hereby certify that on this 11th day of January, 2005 I delivered by first-class mail, postage pre-paid, a copy of the above document to Matthew L. Adams, Foley HOAG LLP, 155 Seaport Boulevard, Boston, MA 02110, and Wendy M. Bittner, 15 Court Square- Ste 300, Boston, MA 02108.

*W. Michael Cahill* (signature)
W. Michael Cahill Pro-Se



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## Boston Area Office

John F. Kennedy Federal Building
Government Center
Fourth Floor, Room 475
Boston, MA 02203
(617) 565-3200
TTY (617) 565-3204
FAX (617) 565-3196

May 11, 2004

Michael Cahill
12 Whitewood Circle
Amesbury, MA 01913

Dear Mr. Cahill:

Enclosed is your charge of discrimination. Please have your signature notarized and return the original to this office. Your signature should be entered where indicated by the **x's**.

When the charge is received it will be date stamped received and assigned to an investigator. A request for a position statement will also be mailed to Respondent, for their response to the charge.

If you have any questions please feel to telephone the office.

Sincerely,

Martha Maness
Investigator

Enclosure



```
***** WELCOME TO *****
       MERRIMAC PO
    MERRIMAC, MA  01860-2030
       06/02/04  11:17AM

Store                USPS
Wkstn                sys5003        Trans       39
Cashier's Name       pam            Cashier   KSRQ34
Stock Unit Id        PAM
PO Phone Number      978-346-8342
USPS #               2445930860

                                                13.65
1. Exp.(F.R.) PO-ADD
   Destination:            02203
   Weight:                 2.50oz
   Postage Type:           PVI
   Total Cost:             13.65
   Base Rate:              13.65
   Label#:
   ED089448092US

Subtotal                                        13.65
Total                                           13.65

VISA                                            13.65
              <23-903241743-97>

VISA          NUMBER        EXP       CLERK ID
ACCT. XXXX XXXX XXXX 5697   01/07     08.
AUTH 002384   CREDIT TRANS # 427

ALL SALES FINAL ON STAMPS AND POSTAGE.
REFUNDS FOR GUARANTEED SERVICES ONLY.

Number of Items Sold: 1
              Thank You
          Please come again!
```

*2nd time copy Obdin.*
*notarized mailed in.*



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Boston Area Office

John F. Kennedy Federal Buildi
Government Cent
Fourth Floor, Room 4
Boston, MA 0220
(617) 565-320
TTY (617) 565-320
FAX (617) 565-319

May 11, 2004

Michael Cahill
12 Whitewood Circle
Amesbury, MA 01913

Dear Mr. Cahill:

Enclosed is your charge of discrimination. Please have your signature notarized and return the original to this office. Your signature should be entered where indicated by the **x's**.

When the charge is received it will be date stamped received and assigned to an investigator. A request for a position statement will also be mailed to Respondent, for their response to the charge.

If you have any questions please feel to telephone the office.

Sincerely,

Martha Maness
Investigator

31.

Enclosure

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>161-2004-00297 |
|---|---|---|

Massachusetts Commission Against Discrimination ____ and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.)<br>Michael Cahill | Home Phone No. (Incl Area Code)<br>(978) 388-4405 | Date of Birth |
|---|---|---|
| Street Address<br>12 Whitewood Circle, | City, State and ZIP Code<br>Amesbury, MA | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>VERIZON | No. Employees, Members<br>500 or More | Phone No. (Include Area Code)<br>(800) 641-2299 |
|---|---|---|
| Street Address<br>125 High Street, | City, State and ZIP Code<br>Boston, MA 02110 | |

| DISCRIMINATION BASED ON (Check appropriate box(es).)<br>☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN<br>☐ RETALIATION ☐ AGE ☒ DISABILITY ☐ OTHER (Specify below.) | DATE(S) DISCRIMINATION TOOK PLACE<br>Earliest: 12-27-2002   Latest: 07-30-2003<br>☐ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. On December 27, 2002, I was laid off by Respondent, along with 2200+ employees. On July 30, 2003, all associates except myself were recalled back to work. I believe I was not recalled because of my disability, in violation of the Americans with Disabilities Act, as amended.

I was hired on October 30, 2000, as a Temporary Central Office Technician, in Malden, MA. In January 2001, I was informed by my managers, Thomasine Williams and Dan Bradley that I was a permanent employment. In December 2001, I was transferred to Boston, MA as a permanent employee. Shortly thereafter I was out on FMLA and learned upon my return to work that my status had been changed back to a temporary emloyee.

II. No reason was given for Respondent not recalling me.

III. I believe I have been a victim of unlawful discrimination in employment because of my disability, in violation of the Americans with Disabilities Act, as amended; and the applicable anti-discrimination statutes for the State of Massachusetts.

DOUGLAS P. MERRILL
Notary Public
Commonwealth of Massachusetts
My Commission Expires
January 22, 2010

JUL 13 2004

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT
X

I declare under penalty of perjury that the above is true and correct.

5/23/04   X [signature]
Date   Charging Party Signature

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

```
   ** TX STATUS REPORT **              AS OF   AUG 02 2004 14:19   PAGE.01


        DATE  TIME        TO/FROM      MODE    MIN/SEC    PGS   JOB#   STATUS
   08   08/02 14:19       ▓▓▓▓▓▓▓      EC--S   00'13"     002   032    OK
```

To: Susan Boskia
   617-565-3196

from - 1161-2004-00297

Pages = 28   (see left side for numbers)

```
** TX STATUS REPORT **              AS OF  JUL 23 2004 09:46   PAGE.01

    DATE  TIME      TO/FROM      MODE   MIN/SEC   PGS   JOB#   STATUS
16  07/23 09:43                  EC--S  02'34"    021   244    OK
```

+ mail copy to Ivan

To: eeo office

from: Cahill

fax 617-565-3196

total pages including cover:

21

```
** TX STATUS REPORT **                AS OF   AUG 18 2004 10:04   PAGE.01


      DATE  TIME       TO/FROM       MODE   MIN/SEC   PGS   JOB#   STATUS
  02  08/18 10:01      ▓▓▓▓▓▓        EC--S  02'37"    022   139    OK
```

To: Susan Boscia

617-565-3196

from - 1161-2004-00297
       161-2004-00448

Pages - 21

Medical Records requested Please
let me know if you need
more from the specialist these
are from my primary care.