UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 04-CV-11986MEL

W. Michael Cahill, Pro-Se
  Plaintiff,
v.

Verizon (New England), et at.
Local 2222 IBEW
Defendant

FILED
IN CLERKS OFFICE
2005 FEB -8 A
U.S. DISTRICT COURT
DISTRICT OF MASS.

## PLAINTIFFS' AMENDED REQUESTS THE JUDGE TO RECOSIDER THE GRANTED MOTION TO DISMISS

The Plaintiff asks the judge to reconsider his docket ruling on Janurary 4, 2005. The Motion for reconsideration addresses the bases for this court to reconsider the Plaintiffs lawsuit. The Discrimination claim was filed with the EEO in December of 2003. The Plaintiff was never considered a part time employee the Plaintiff was hired as a Temporary to Permanent Employee for a possible 2-year term. (Meaning that within that time frame he would be job completed or made full time regular, the plaintiff was made full time regular.) When the Plaintiff received his "Right to Sue Letter" from the EEO he filed the lawsuit dated September 28, 2004 well within the ninety days allowed.

**Since the first Motion for reconsideration the Plaintiff has also discovered that there are several Central Office Technicians that were hired in 2000 as temporary associates, with a 3 year term and many of these Central Office Techs were made full time regular in January of 2001 and later.** When these Techs were made Full Time Regular the Plaintiff had been full time regular for over a year. Even though in Myles Calvey written response states the last group of temps that were made full time

regular in negotiation in 2000 when the Plaintiff was made full time regular. Further investigation also shows that at least one of those Techs whose net credited service date is April 24, 2000 who was hired as a temporary employee, was job completed (as a temporary employee) on December 27, 2002 and was recalled back to work per Federal Arbitrators ruling in July 2003. This technician does not have a disability. Both the company and the union chose not to recall the Plaintiff per the arbitrators ruling in July 2003, as an act of discrimination because of the Plaintiffs FMLA work history and because of his disability. The Defendants state that they could not make any additional employees full time regular after 2000 and that a clerical error made the Plaintiff full time regular, however, records show that as of January 2001 both Defendants were still continuing to make associates full time regular, and because of their FMLA History and non-disability there status was never changed back to Temporary. This is clear information that both Verizon and the Union's actions were both arbitrary, discriminating and in bad faith.

All FMLA information has been in the information provided by the Plaintiff since the October 2002 letter to Verizon HR Dept. If the Plaintiff was not out on FMLA the clerical error that changed his status would have never occurred, and the Plaintiff would be back to work as a full time regular associate.

The Plaintiff has established a prima facie case of disability discrimination under the Fair Employment Practice Act, in that defendant failed to articulate a legitimate nondiscriminatory for not recalling the Plaintiff. Other Central Office Techs that were hired as Temporary in 2000 with a 3-year temporary term, and were made full time regular after the Plaintiff were called back to work and made whole. Central Office

technicians that did not have a disability and an FMLA history were job completed as a Temporary associate in December 2002 and were called back to work in July of 2003 and were made whole.

WHEREFORE, the Plaintiff respectfully requests the Court to grant the Plaintiffs Motion for Reconsideration.

Respectfully Submitted,

W. Michael Cahill

*/s/ Michael Cahill/*

W. Michael Cahill, Pro-Se
12 Whitewood Circle
Amesbury, MA 01913
(978) 388-4405

Dated: February 8, 2005

### Certificate of Service

I, W. Michael Cahill, Pro-Se, do hereby certify that on this 8th day of February, 2005 I delivered by first-class mail, postage pre-paid, a copy of the above document to Matthew L. Adams, Foley HOAG LLP, 155 Seaport Boulevard, Boston, MA 02110, and Wendy M. Bittner, 15 Court Square- Ste 300, Boston, MA 02108.

*/s/ W. Michael Cahill/*
W. Michael Cahill Pro-Se