UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| W. MICHAEL CAHILL,            )<br>                                                 )<br>            Plaintiff,              )<br>                                                 )<br>        v.                                    ) C.A. No. 04-11986-MEL<br>                                                 )<br>VERIZON, ET AL.,              )<br>            Defendants        ) | |

## MEMORANDUM AND ORDER

For the reasons stated below, 1) the Plaintiff's Motion for Leave to Appeal in Forma Pauperis (#31) is Denied.

## BACKGROUND

Plaintiff instituted this employment action on September 13, 2004. On January 13, 2005 the defendants' motion to dismiss was granted and judgment entered in favor of the defendants. On February 14, 2005, I denied Plaintiff's motion for reconsideration. On March 14, 2005 Plaintiff filed a Notice of Appeal (#30), accompanied by a Motion for Leave to Appeal *in forma pauperis* (#31). In support of the Motion Plaintiff submitted a financial affidavit.

## ANALYSIS

Generally, a party who is granted *in forma pauperis* status by the District Court, need not obtain permission of the District Court to proceed on appeal *in forma pauperis*. Rule 24(a)(3) of the Rules of Appellate Procedure provide that a party who was permitted to proceed *in forma* pauperis *in the district court may proceed on appeal* in forma pauperis <u>without further</u> authorization, except where "the district court ... certifies that the appeal is not taken in good faith <u>or finds that the party is not otherwise entitled to proceed *in forma pauperis* and states in writing its reasons for the certification or finding</u>" or "a statute provides otherwise." Fed. R. App. P. 24(a)(3); <u>see also</u> 28 U.S.C. §1915(a)(3) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.") (emphasis added).

In this case, I decline to make any determination concerning whether this appeal is taken in good faith. However, upon a review of the financial disclosures of the Plaintiff, I find that he is "not

otherwise entitled to proceed *in forma pauperis*" under Rule 24(a)(3)(A) and therefore deny the Plaintiff's motion, for the reasons stated below.

Although the Plaintiff was granted leave to proceed *in forma pauperis* in September 2004 when this action was instituted in the District Court, the original Application form submitted by him under the pains and penalties of perjury varies somewhat from his present financial disclosures. For instance, the original Application form indicates he has been unemployed since December 2002. His current Application indicates that he has received $1650 per month in employment income over the past 12 months, and also indicates that since September 2004 to the present, he earns $2000 per month. He also claimed not to own any thing of value, but in his recent submission, he discloses the existence of two motor vehicles and a $500,000 home.

In considering an *in forma pauperis* application, "a court may consider the resources that the applicant has or "can get" from those who ordinarily provide the applicant with the "necessities of life," such as "from a spouse, parent, adult sibling or other next friend."" Fridman v. The City of New York, 195 F. Supp. 534, 537(S.D.N.Y. 2002) quoting Williams v. Spencer, 455 F. Supp. 205, 208-09 (D. Md. 1978) (other citations omitted).

As noted above, Plaintiff indicates he is currently employed and earned approximately $19,800 last year ($1650 per month). Since September 2004, his annual salary is approximately $24,000 per year ($2000 per month). His spouse is also employed and earns between $48,000 ($4000 per month) and $78,000 per year ($6500 per month). There is a discrepancy in the Application in the amount of income his spouse earns. (Compare ¶2 and ¶3). In any event, he indicates their income is expected to continue at this rate. Thus, although not entirely clear, it would appear that their combined income is somewhere in the range of $72,000 to $97,800 per year.

With respect to other assets, Plaintiff claims to have no bank accounts and his wife has $100.00 in a bank account. However, Plaintiff lists his assets as a home, valued at $500,000, and two cars, a Jetta VW valued at $13,000 and a 2003 Chevy, valued at $25,000. He does not indicate how much equity he owns in the home. He also indicates his wife has a Sears credit card.

2

On the debit side, it appears that his list of monthly expenses exceeds the family's current income. Plaintiff also indicates that he has or will be paying an attorney $6,830 to represent him in connection with this case. Finally, Plaintiff claims he has three children to support, and he is trying to pay his bills.

In evaluating whether the Plaintiff qualifies for *in forma pauperis* status at this time, I consider these current debts of the Plaintiff and his family, but also factor in their substantial combined employment income, the fact that the income is steady, and the fact that the Plaintiff and/or his spouse possesses substantial assets by way of real estate and motor vehicles. On the balance, I find that this Plaintiff does not present the type of indigent litigant that 28 U.S.C. §1915 contemplates, given the Plaintiff's own income and assets, and the spousal resources available. This does not appear to be a situation where Plaintiff is subsisting on a poverty level, or has substantial debt which would make him destitute were he required to pay the filing fee. It cannot be said that Plaintiff would be faced with the difficult decision to either forego his claims or forego the necessities of life. See, e.g., Fridman v. The City of New York, 195 F. Supp. at 538. See also, Montiel v. Wyndham Anatole Hotel, 2003 WL 22595820 (N.D. Tex. 2003)(magistrate judge recommending *in forma pauperis* application be denied where plaintiff earned $1,120 per month, spouse earned $2,240 per month, and they had $700 in checking account); Ponder v. Schultz, 2002 WL 31114054 (N.D. Tex. 2002)(magistrate judge recommending *in forma pauperis* application be denied where plaintiff earned $1,600 per month, spouse earned $1,276 in unemployment benefits per month).

## CONCLUSION

Accordingly, for the above reasons, I find that Plaintiff has failed to make an adequate showing that he is without sufficient funds to pay the filing fee for appeal at this juncture and that he is entitled to continued *in forma pauperis* status under Rule 24(a)(3)(A). Plaintiff may be "cash-poor" at the present time, but he appears to have sufficient unliquidated assets which take him outside the scope of *in forma pauperis* status. It is noted that the Clerk's Office accepts payment of the filing fee through credit cards. Thus, even if Plaintiff cannot readily produce the filing fee, he may have a viable option of

charging the fee to a credit card.

Dated:  March 21, 2005

/s/ Morris E. Lasker
MORRIS E. LASKER
UNITED STATES DISTRICT JUDGE